UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>SGT. WILLIAMS, *et al.,*<br><br>        Defendants. | Case No.  C05-5794FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 9, 2007 |

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court because plaintiff has failed to respond to defendant's motion for summary judgment, (Doc. 30).  For the reasons set forth below, I recommend that the Court grant defendant's motion for summary and dismiss plaintiff's claims and causes of action.

DISCUSSION

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987),

*cert. denied*, 484 U.S. 1006 (1988).   Local Rule CR 7(b)(2) requires each party opposing summary judgment to file a timely response.  Local Rule CR 7(b)(2) states:

> If a party fails to file papers in opposition to a motion, such failure may be considered by the court as <u>an admission that the motion has merit</u>.

(Emphasis added).

Here, defendants filed their motion for summary judgment on January 3, 2007.  The motion was properly noted for consideration on the court's January 26, 2007, motion calendar.   Plaintiff has failed to respond the motion for summary judgment.

At the time the Complaint was filed in this matter, Plaintiff was a state prisoner, proceeding pro se. (He was released from custody on or about September 2, 2006).  On March 14, 2006, plaintiff was advised pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998) as to the consequences of not filing any opposition to a motion for summary judgment.  *See* Doc. 8.

In his complaint, Plaintiff seeks monetary damages as a result of a fight with another inmate while he was in custody at the McNeil Island Correctional Center and two associated infractions incurred by Plaintiff related to the altercation.  Plaintiff names Sergeant Williams, Sergeant Anderson, Lieutenant Allen, Alice Payne (the Superintendent of MICC), and Joseph Lehman (former Secretary of the Department of Corrections) as defendants.

Defendants argue in their motion for summary judgment that (1) Plaintiff has failed to state a cognizable claim under the U.S. Constitution, (2) Defendants Williams, Anderson, and Allen should be dismissed as they have not been properly served, (3) Plaintiff has failed to allege the personal participation of Defendants Payne and Lehman, (4) Defendants are entitled to qualified immunity, and (5) Plaintiff's claims are barred by the favorable termination doctrine.  In support of their motion for summary judgment, defendants attached adequate legal authority and two exhibits supporting their arguments.  Without rebuttal evidence, the Court should find defendants' arguments persuasive.  Moreover, because Plaintiff has failed to oppose Defendants' motion for summery judgment, the Court should consider Plaintiff's failure as an admission that the motion has merit.

/ / / / / / / /

/ / / / / / / /

REPORT AND RECOMMENDATION
Page - 2

## CONCLUSION

Because plaintiff has not responded to defendant's motion for summary judgment and defendants have offered sufficient evidence to support their motion for summary judgment, the Court should GRANT defendants motion.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 9, 2007**, as noted in the caption.

DATED this 13th day of February, 2007.

 */s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3